UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NICHOLAS D. KASTEN,**

        **Petitioner,**

v.                                                    **Case No. 06-C-934**

**WARDEN, KETTLE MORAINE**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

# ORDER

Nicholas D. Kasten ("Kasten"), is a prisoner incarcerated pursuant to a state court judgment. On September 1, 2006, Kasten filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition was a request that the court permit him 90 days to file a motion in support of his petition. The court granted this extension and on December 1, 2006, Kasten field an amended petition and a brief in support of his petition. Kasten also filed a motion for leave to file in forma pauperis.

Under Rule 4, Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petitions and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

In his amended petition, Kasten seeks relief on three grounds; that his trial counsel was ineffective for failing to properly explain and ensure Kasten understood the consequences of his no-contest plea; that his trial counsel was ineffective for permitting Kasten to enter his plea despite his mental health problems; and his plea was not voluntarily, knowingly, and intelligently made. (Docket No. 5 at 6-9.)

In his petition, Kasten acknowledges that he had previously filed a federal petition for habeas corpus relating to the convictions he is presently challenging. A copy of Chief Judge Rudolph T. Randa's decision in case number 06-C-865 is attached to Kasten's amended petition. Upon screening Kasten's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Randa noted that Kasten did not state any grounds for relief in his petition but instead merely noted, "see attached." However, no supporting documentation other than a decision of the Wisconsin Court of Appeals, a brief in support of his petition for review to the Wisconsin Supreme Court, and court of appeals docket report, was attached to his petition. Therefore, Judge Randa determined that Kasten failed to state a claim upon which relief may be granted and therefore dismissed his petition.

At this point, the court is unable to say that it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to relief, and therefore the court shall order the respondent to answer the petition.

**IT IS THEREFORE ORDERED** that a copy of Kasten's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that Kasten's motion to proceed in forma pauperis is denied as moot; Kasten has paid the filing fee in this matter.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within 30 days after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers that do not indicate that a copy has been sent to the respondent or his attorney.

In addition, the parties must notify the Clerk's Office of any changes of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of November, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge