UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS D. KASTEN,

        Petitioner,

v.                                                      Case No. 06-C-934

WARDEN, KETTLE MORAINE
CORRECTIONAL INSTITUTION,

        Respondent.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

Nicholas D. Kasten ("Kasten"), is a prisoner incarcerated pursuant to a state court judgment. On September 1, 2006, Kasten filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition was a request that the court permit him 90 days to file a motion in support of his petition. The court granted this extension and on December 1, 2006, Kasten field an amended petition and a brief in support of his petition. Kasten also filed a motion for leave to file in forma pauperis.

This court screened Kasten's petition pursuant to Rule 4, Rules Governing Section 2254 Cases, and ordered the respondent to answer Kasten's amended petition. Rather than filing an answer, on December 3, 2007, the respondent filed a motion to dismiss Kasten's petition as a successive petition.

In his petition, Kasten acknowledges that he had previously filed a federal petition for habeas corpus relating to the convictions he is presently challenging. A copy of Chief Judge Rudolph T. Randa's decision in case number 06-C-865 is attached to Kasten's amended petition. Upon screening Kasten's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Randa noted that Kasten did not state any grounds for relief in his petition but instead merely noted, "see attached." However, no supporting documentation other than a decision of the Wisconsin Court of Appeals, a brief

in support of his petition for review to the Wisconsin Supreme Court, and court of appeals docket report, was attached to his petition. Therefore, Judge Randa determined that Kasten failed to state a claim upon which relief may be granted and therefore dismissed his petition.

18 U.S.C. § 2244 states:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
      (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
         (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

   (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
      (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
      (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
      (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
      (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

   (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

18 U.S.C. § 2244; see also, Rule 9 of the Rules Governing Section 2254 Cases (stating, "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).").

The grounds upon which a habeas petitioner may pursue a second or subsequent habeas petition are set forth in § 2244(a) and (b). However, whether these exceptions apply may be determined only by the Circuit Court of Appeals, as is required by § 2244(b)(3). But before this court may dismiss a petition for the petitioner's failure to first obtain leave from the Circuit Court, this court must first determine whether Kasten's petition is a second or subsequent habeas petition.

The Seventh Circuit held that a first petition need not result in a decision on its merits to preclude a petitioner from filing a second or subsequent petition. Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996). However, the Seventh Circuit Court continued and stated that "the filing and rejection of a petition as unintelligible or poorly developed does not make the filing of an enlarged specification a 'second or successive' petition; it is better to think of the process as one of filing, rejection, and amendment. Id. (citing Dellenbach v. Hanks, 76 F.3d 820 (7th Cir. 1996); Whitlock v. Godinez, 51 F.3d 59 (7th Cir. 1995)).

From a review of Chief Judge Randa's order, it is clear to this court that Kasten's petition was dismissed because he failed to adequately develop his claims and thus the petition presently before this court is not a second or subsequent petition. Kasten's petition is substantially identical to his previously filed petition except in that Kasten has now filed an accompanying brief further explaining his grounds for relief. Therefore, Kasten was not required to seek leave from the Seventh Circuit Court of Appeals prior to filing his present petition, and thus the court shall deny the respondent's motion to dismiss.

- 3 -
Case 2:06-cv-00934-AEG   Filed 12/10/07   Page 3 of 4   Document 16

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **denied**. The respondent shall answer Kasten's petition within **30 days** of this order.

Dated at Milwaukee, Wisconsin this 10th day of December, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge